Chief Justice Robertson
delivered the opinion of the Court.
Rebecca Coyle, as executrix of Cor* nelius Coyle, brought a petition and summons against John Fowler, on the following note:
piea, that a”v*oonside-ration, is Sooi-
Pica, that "„tedwithout any ‘yocr»y consideration Because there may have rat¡on.1S1 e*
be valuable consideration which i« “not valid in law.”
piea, that ‘note was.ex * ccutt’d without any tiood or Y'üuablo consideration,” is suf-íicionr. May be consideration in /ac¿, thr ’ in, tav n be invalid.
*473 “Lexiug ton, \5tk May, 1819.
“Sixty days after date, I promise to pay to Come-lius Coyle or order, twelve hundred and thirty'-five dollars fifty cenls, with interest from the date hereof, negotiable and payable at the Lexington Branch Bank, without defalcation, for value, received.
“JOHN FOWLER.”
Fowler filed tire following plea: "And the defendants comes and craves oyer of the petition and note therein mentioned, which he has, and for plea says, aclio non, because ne says the said note, in the said petition mentioned, was not executed on a consideration good and valid in lazo, and this he prays may be inquired of by the country.”
Issue being taken on this plea, the jury found a verdict for Fowler, and the court having overruled a motion for a new trial, rendered judgment for him, on .the verdict; from which judgment Mrs. Coyle has appealed.
The plea was insufficient. A plea that the note was given without any consideration, would have been good; but the legal effect of the plea, which was filed in this case, is, not that there was no consideration,orthat the note was voluntary, but it is, according to any rational construction, that there was a consideration in fact, but that this consideration was invalid by operation of law.
A plea that a note was executed without any “good” consideration, would not be a bar to a suit on the note, because it is immaterial whether there was a “good” consideration or not, provided there was a “valuable” consideration; and there riot only might be a “valúa-ble,” in the absence of a “good” consideration, but the two considerations are seldom united. When there is a “good” consideration, there, is no1 generally also, a “valuable” consideration, and “e converso/’
There may be a valuable consideration, which is not “valid in law.’'' There is an obvious and essential difference between “valid” and “valuable.”
A plea, that a note was executed without any good or valuable consideration, would be sufficient,because *474 in effect, it would be a plea that there was no consideration whatever, Bui there may he a consideration in fad, although inlaw, it may he invalid. The want ai' a consideration, valid in law, or in other words, the illegality or vice of the consideration was pleadable at common law, in a suit on a bond. But the absence or non-existence of any consideration in fart, could not he pleaded, until such a plea was allowed by a statute of this state, passed in 18G1, because the bond imported a consideration, and to-deny that there was any. would be virtually contradicting the written evidence.
Legal Invalidity or vice of the í'on4«í-e ration, was pleadable at common law, in suit on bond. But idea of “no con-ido-raiior.” in fact. wa» inadmissible unul statute of! 801. Be-CMUf) fliflt •were to Contradict bond.
At cuinu-on law, iJ'ron-sidetatu.n wc re ill* *»al, necessary to aver tbc facts in ordt r to pí'Ui. anO to enable court f<> ■!r-termioí' v. he-tb* r facts amount to bar to action I)i ft tint, al Jowod to plead, ;.ene-tallv, lJhat oondderali-'n was vu-ions,’ or 4¡le .aV or ‘invalid in Jawp”
If the consideration were illegal, either because it was ilmolnm in sr,” or ‘‘malum prohibitumas for future illicit cohabitation, gaming, or usury, it was necessary to aver the facts, so that the plaintiff might be notified of the specific ground of defence, and the. court might be able to determine, on (he facts stated, whether the considf ration was illegal or not,and consequently, whether the matter relit d on, in the de-fence, could bar the action. In such a case, a defendant would r.ot be allowed to plead generally, that the consideration was vicious or illegal, or that there was no consideration, “valid in law.1' This would be pleadii g a deduction of law, and not the matter of fact from width the conclusion of law may be drawn by .the* court. Morton vs. Fletcher, II. Marshall, 137.
The plea tiled in this case, by Fowler, would, therefore, be iusuflit ient at common law. It must be equally so under the statute ot 1801. This statute authorizes spot ¡allies to be impeached by plea, in the same manner as writings without seal were impeachable at common law. If, theiefore, allows a plea denying U-ai th< re was any considrintion in fact; or a a pie;- showing mat the ronsid, latjon had tailed. These art: facts which might hate, been shown at commot, law, in a suit on a writing without seal, which tSid not expressly acknowledge a particular no/ side ration. But at common law, a defendant was not nt liberfv to plead that (lit: note on which he was sued. was ghen without a consideration, good or valid in law, ui less lie averred tacts to show its invalidity. Such a plea is incompatible with the elementary principles of all pleading.
Pica that note was-“not executed on a consideration, e:ood and valid in law,” would have been bad at common law, and is equally so, under statute ot' 1801. Statute of 1801, allow3 a plea to action on \ond denying that, there was any consideration in fact, or a plea, shewing that consideration has failed. Provided, bond does not expressly ae~ knowledge a particular consideration .
Pica to action must state facts.
Plea, “that consideration ha= (¡iíIp i,” without shewing how is bad.
One of these principles is, that a plea to the action must stato facts, and not barely inferences from facts, which are not averred. Whether a consideration is valid or invalid in law, is not a substantive fact, but an inference from facts; it is the deduction of law, from farts which arc shown to exist, and, therefore, the facts must be averred, so that the court and not the jury, may decide the law arising on them.
A plea that the consideration had failed, without showing how, is not good. Coleman vs. Harper, I. Marshall, 602. The reason assigned by the court is, that the plea is “too uncertain.” This is one very good reason; but another as good, and perhaps better, might be added to it, and that is, that whether the consideration had failed or not, must be determined by the law from facts; and it is, tiierefore, necessary that the facts should be stated by the plea. See Harrison vs. Wilson, 11. Marshall, 545. If the facts are set forth, they may not amount to a failure of consideration, and if so, the .court would decide that the plea is ineffectual.
As the plea in this case, virtually admits a consideration in fact, but avers, in general terms, that it was not “valid in law,” without stating any facts which would show its illegality or invalidity,-a demurrer to it (if one had been filed) should have been sustained.
But it does not necessarily follow, that the issue on the plea was immaterial. If the. plea bo true, it would bar the action; as the plaintiff in the action, therefore, ventured unnecessarily to take issue on such a plea, she cannot now say that the issue was ■immaterial, merely because, for the reasons which ■have been suggested, she could not have boon com. pelled to make an issue upon it, unless it had pleaded facts instead of a deductipn of law. She met her adversary on the broad allegation, that there was no. consideration., “valid in law.'’’’ She thus conceded to him a great advantage; but if there was no consideration, “valid in law” she had no right to recover; and, therefore, although the plea was defective, the issue was not immaterial.
But there is an objection to the judgment, which, in our opinion, must be fatal to it.
Proof of vicious ur illegal condsider-ation, will not support plea of “no consideration. Ml vice versa, pio->f of no consideration will not sustain plea, “admitting a consideration, but denying its legality.”
Under plea of “no consideration,” proof of failure of consideration, is inadmissible, and unavailing.
Prnoi that consideration has failed, wi 1 not sus-tai idea, that “note was not executed on con-sidera lion good and valid in law.”
The appellee held the affirmance, and he has not sustained it. He attempted only to prove facts, from which, (as he supposed) the jury might infer that the note was executed for the purpose, either of raising money for Coyle, by the sale of it, or for himself by its negotiation in bank. Whether the circumstances which he proved, would justify either of these inferences, we are not inclined now to intimate, as on other grounds, the judgment will be reversed and the parties permitted to re-try the case, fully on its merits.
But the proof (whatever effect it might be entitled to) does not come within the issue. It does not tend to show that the consideration was not ‘‘valid in Jaw.” Under the issue, proof that there was no considera-do i whatever, would have been irrelevant ar-d inadmissible, because the issue was not, whelher there was any consideration or not, but whether the consideration was “valid in law” or not.
A plea that there was no consideration, would not let in proof of fraud, gaming, or usury. Davis vs. Young, III. Monroe, 384; consequently', the converse is equally true, that a plea of fraud, gaming, usury or any thing else, which virtually admits a consideration in fact, but relies on its illegality or invalidity, would not be supported by prooí that there was no sort of consideration.
And from analogy it follows, that under a plea that there was no consideration, proof of a failure ot consideration, would be impertinent and unavailing.
The facts in this case, (if they prove any thing which ran benefit the appellee under any issue at law) cannot, with the utmost allowable latitude of interpretation, tend, in any degree, to show that the consideration was not good, or was not ‘‘valid in law,” They were introduced oidy to lay some foundation for a presumption, that the consideration had failed, or (hat there was no consideration; and they cannot have any other tendency. If it bad been positively proved, that the consideration had failed, this would no! have justified the veidiet, because such proof was not within the issue; and if the proof had tended to show that there was no consideration, it was not within the issue.
Mills, Brown and Cowan, for appellant; Chinn, for appellee.
The court ought, therefore, to have awarded a new trial, and permitted an appropriate issue to be made up, if the appellee had desired to alter his plea, so as to adapt it to the nature and tendency of his proof.
Wherefore, the judgment is reversed, the verdict set aside, and the cause remanded for a new trial.